## STATE OF FLORIDA v CLARK
### Case No. 76178-NV
County Court, Volusia County

December 2, 1987

### APPEARANCES OF COUNSEL

**Kelly A. Greene, Esquire,** Assistant State Attorney, for plaintiff.
**Flem K. Whited, III, Esquire,** for defendant.

### OPINION OF THE COURT

PATRICK G. KENNEDY, County Judge.

*ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS*

UPON THE EVIDENCE presented and arguments of counsel, the Court finds as follows:

1. Rule 10D-42.29 establishes specific mandatory requirements for the labelling, collecting and storage of blood samples. At hearing, the sole witness was Ms. Alt who is a lab technician who is employed by the Florida Department of Law Enforcement crime lab. She testified that she had no personal knowledge that anticoagulant was in the sample tube in this case, but she testified that she does check for the

condition of the blood sample prior to the test. She was not present when the sample was drawn and sealed in the tube. The remaining witness, Mr. Lilly, employed by the City of Daytona Beach had no personal knowledge of the contents of these blood sample kits. He is simply responsible for ordering the kits from the manufacturers and maintaining adequate inventory. The requirements of 10D-42.29 apply to the person drawing the blood, not the person who later opens the tube and tests the sample.

2. At hearing, no testimony was presented to establish that any of the requirements of the foregoing Rule were met, and the State has failed to establish a predicate for the admissibility of the blood samples at trial. The following ruling results from a failure of the State to establish a proper predicate only in the instant case. It should not be construed to extend beyond the specific facts of this case. The general procedures employed in taking samples and testing them were not reviewed by the Court, and are not affected hereby, and it is

ORDERED that the Defendant's Motion is hereby granted and the State shall not seek to introduce any evidence at trial of the drawing of a blood sample, or any test result obtained thereafter.

DONE AND ORDERED in Chambers at Daytona Beach, Volusia County, Florida, this 2nd day of December, 1987.